# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## COMPLAINT FORM



NOV 1 2022 PM 12:29
FILED-USDC-CT-HARTFORD

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

JOHN RUTKA

v.

DEF #1. CITY OF MERIDEN

DEF #2. DON ANGERSOLA (BOTH AS INDIVIDUAL & SERVICE/OFFICAL CAPACITIES

DEF. 3. BUILDING DEPT. of CITY of MERIDEN

Case No. _____
(To be supplied by the Court)

Full names of Defendant(s)
(Do not use *et al.*)

## A. PARTIES

1. __JOHN RUTKA__ is a citizen of __UNITED STATES__ who
   (Plaintiff)                                    (State)
   presently resides at __20 SUGARLOAF TER. MIDDLEFIELD CT.__ .
                          (mailing address)                __06481__

2. Defendant __BUILDING DEPT. of CITY of MERIDEN__ is a citizen of _____
   (name of first defendant)                                    (State)
   whose address is __142 E. MAIN ST. MERIDEN    CT.__ .

3. Defendant _DON ANGERSOLA_ is a citizen of _U. S._
   (name of second defendant)                    (State)

whose address is _142 E. MAIN ST. (BLDG. DEPT.) MERIDEN CT. 06450_

(If more space is needed to furnish the above information for additional defendants, _SEE_
continue on a blank sheet which you should label "A. PARTIES." Be sure to include _ATTACHMENT_
each defendant's identity and complete address.)   _#2_

## B. JURISDICTION
The jurisdiction of this court is invoked pursuant to: (list statute(s))

_38 U.S.C. §1331, 42 U.SC § #1983  §52-123_

## C. NATURE OF THE CASE ; _SEE ATTACHED_ ''

**BRIEFLY** state the background of your case.

2

A. PARTIES

ATTACHMENT #3
as to 3rd. PARTY

3rd DEFENDANT:

BUILDING DEPARTMENT
of The CITY OF MERIDEN CT.
06450

ADRESS: 142 E. MAIN ST. 1st. FLOOR
MERIDEN, CT. 06450

*C. NATURE of THE CASE*

**JDNO NOTICE**

*＊ NOTE: This notice was NOT REC'd until July 12 2022 Together with Def's "MOTION TO DISMISS."*

**NNI-CV-18-5010449-S**    **RUTKA, JOHN v. CITY OF MERIDEN**

Notice Issued: **01/09/2020**

**Court Address:**
CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF NEW HAVEN AT MERIDEN
54 WEST MAIN STREET
MERIDEN, CT 06451

**Notice Content:**
Notice Issued: **01/09/2020**
Docket Number: **NNI-CV-18-5010449-S**
Case Caption: **RUTKA, JOHN v. CITY OF MERIDEN**
Notice Sequence #: **1**

        JDNO NOTICE

02/14/2020 AT 2:00PM
***PLEASE READ THIS NOTICE CAREFULLY.***
FAILURE TO COMPLY WITH THE REQUIREMENTS IN THIS NOTICE WILL RESULT IN DISMISSAL OF YOUR CASE.

FIRST, THIS COURT DATE IS NOT A REPORT BACK DATE AS LISTED ON THE COURT'S WEBSITE. THE PARTIES DO NOT NEED TO APPEAR FOR THIS COURT EVENT.

THIS CASE HAS BEEN SELECTED FOR MERIDEN SUPERIOR COURT'S DOCKET MANAGEMENT PROGRAM. This is because a review of the court's dockets has revealed that this matter has been pending for some time with either no defendant appearing and/or the pleadings not being closed.

IN ORDER TO AVOID DISMISSAL OF THIS CASE, THE PLAINTIFF MUST DO ONE OF THE FOLLOWING BEFORE THE DEADLINE LISTED IN THIS NOTICE:

1. The Plaintiff must properly file a certificate of closed pleadings;
2. File a withdrawal of action;
3. Properly file a motion for judgment (this is a motion that, if granted, will lead to a final judgment (motions for summary judgment on just liability will not satisfy the requirements of the program and if filed, will result in dismissal of your case; or
4. File an Affidavit of Bankruptcy pursuant to Connecticut Practice Book Section 14-1.

THE ABOVE-REFERENCED DOCUMENTS MUST BE FILED THROUGH THE E-FILING SYSTEM.

Any request for an extension of time must be made by e-filing a motion entitled "Motion for exclusion from the docket management program." Please note that it is unlikely the court will grant an extension of time if the reason for requesting the extension is that the moving party is awaiting paperwork from the client.

Any questions, please contact the Caseflow Coordinator by phone at 203-238-6639 or by email: steven.stack@jud.ct.gov

(Judge Gerald Harmon)

Steven C. Stack, Esq.
Caseflow Coordinator-Civil, Family and Criminal
Meriden Superior Court
203-238-6639
steven.stack@jud.ct.gov

## C. NATURE OF THE CASE.

CV17-580 9128

JOHN RUTKA

v.

CITY OF MERIDEN BUILDING
DEPT. ET AL

VERIFIED    COMPLAINT : V

OCT. 20, 2017

Superior Court

- Judicial District of Middlesex

Application for Temp. Injunction

1. PLAINTIFF : P. AN ELDERLY TRADESMAN RESIDED IN HIS LARGE SINGLE FAMILY DWELLING AT 11 COLONY PL MERIDEN, HE MOVED OUT WHEN THE WATER WAS SHUT-OFF AT THE STREET FOR NO VALID REASON. (NO BILL OWED)

2. HOUSE WAS PURCHASED FROM H.U.D WITH NO LISTED CODE VIOLATIONS, AFTER 7 years BEING VACANT.

3. 5 DAYS INTO OWNERSHIP ONE HOUSING INSPECTOR CITED P. WITH VIOLATIONS WHICH WERE NOLLIED BY SUPERIOR COURT AS "UNFOUNDED", 4 DEF. ADMONISHED BY PROSECUTOR. Judith Dicine for attempting a frivolous case.

4. SEVERAL YEARS OF "UNFOUNDED" VIOLATIONS CONTINUED.

5. PRESENTLY, P., WAS ISSUED A DEMOLITION ORDER (JULY/21) BY DEF. BLDG-INSP. ANGERSOLA AFTER A SUPPOSED "ON SITE" INSPECTION CONDUCTED ON 7-14-21. WHICH CONSISTED OF OBSCURE PIX TAKEN FROM NEIGHBORING PROPERTY

6. P. APPEALED DEMO ORDER ON 9-12-17 IN SUPERIOR COURT UPON THE INFO GIVEN HIM BY THE STATE BUILDING INSPECTOR. DOCKET NO. NNI-CV17-50007920. IN WHICH DEF. HAS FILED AN APPEARANCE

7. P. FOLLOWED PROTOCAL TO THE LETTER (BY STATUTE) ON SAID APPEAL PROCEDURE,

8. DEF. HAS AT THIS DATE

a. UNWARRENTLY REMOVED, FROM THE DRIVEWAY P.'S VEHICLES, LOADED WITH BLDG. MAT. TOOLS, ETC. AGAINST MY WISHES.

b. DUG UP PORTION OF LAWN TO PLUG SEWER LINE

c. REFUSED TO STOP OR DELAY (UNTIL PENDING CASE BE HEARD + ADJUCATED)

9. HOUSE IS LOADED WITH VALUABLE BELONGINGS TOOLS, FURNITURE, SOME SUPPLIES, SINCE I WAS 'FORCED' TO MOVE INTO A SMALL SUBSIDIZED APARTMENT.

10. DEF. IS APPARENTLY CHOOSING TO IGNORE THE PENDING ACTIVE SUPERIOR COURT APPEAL.

11. P. resides in Middlefield Ct @ 20 Sugarloft.

I hereby Verify facts contained in above complaint are True + accurate to the Best of my Knowledge, So help me god.

SIGNED: John Rutha

Signed and Sworn before me the 20th day of October 2007.

## C. NATURE of THE CASE

20 SUGARLOAF
MIDDLEFIELD, C
06455

### APPEAL

I AM THE RECORD OWNER OF A SINGLE FAMILY HOUSE ON 11 COLONY PLACE, MERIDEN, CT, MY FORMER RESIDANCE, UNTIL CITY SHUT OFF MY WATER SUPPLY (FOR NO GOOD REASON.)

I LEFT MOST OF MY BELONGINGS BEHIND BECAUSE I COULD AFFORD ONLY A 2½ ROOM SUBSIDIZED APARTMENT. THUS MOST OF MY PROPERTY STILL REMAINS THERE.

THE HOUSE IS NOW, WHILE I WRITE, SCHEDULED FOR IMMEDIATE DEMOLITION, AS SUPPOSEDLY, AN UNSAFE STRUCTURE, IN DANGER OF IMMEDIATE COLLAPSE" AS PER NEW LOCAL BUILDING INSPECTORS NOTIFICATION.

AFTER NOTICE, I REMOVED A SECOND STORY HANGING WALL TO ELIMINATE ANY FURTHER HAZARD, THE FIRST FLOOR WALL WAS PARTIALLY RESTUDED ALSO.

"THE LEFT REAR PORTION" REFERRED TO ON THE NOTICE AS READY TO COLLAPSE, IS NOTHING BUT AN ADDED NON-BEARING WALL BUILT TO:
1. ENCLOSE THE ORIGINAL STAIRWAY TO 2nd FLOOR. AND ALSO
2. SERVE TO ADD A NEW STAIRWAY TO 2nd AND 3Rd FLOOR APT.

* ONLY AN ON SITE CLOSE INSPECTION WOULD INDICATE THE ABOVE. HENCE, HERE WE HAVE AN OVERPAYED CARD OF SAFETY, HEALTH, ESPECIALLY OF "IMMINANT DANGER"

FROM THE FIRST PIX TAKEN FROM ADJACENT NEIGHBORS PREMISES, IT IS/WAS IMPOSSIBLE TO ARRIVE AT A CORRECT CONCLUSSION.

HENCE, I REQUESTED AN APPEAL UNDER § 29-266(b), WHICH WAS ① ABRUPTLY" DISCONTINUED" BY Board CHAIRMAN AFTER ITS TIME/LAPSE DEFAULT(by BOARD)
② I AM STILL AWAITING RECORD/TRANSCRIPT OF THAT HEARING.

SIGNED: JOHN RUTKA

J.R. Rutka

C. NATURE of THE CASE

## Specific Facts

On July 21, 2017 Appellant, Rutka, received a notice to repair or demolish in 10 days a single family house on 11 Colony Place, Meriden, CT. After a resident of Wilcox Ave filed an unsigned complaint, WHICH INCLUDED THE UNHEALTHY ODOR COMING FROM THE "POULTRY FARM" CONDITION OF NEXT #9 COLONY PL.

a. House was never adequately or properly inspected to require demolition. On-site plus an interior inspection never took place. Instead 10 pictures were taken from an adjoining property and a very obscured due to heavy borderline tree growth. Only a small third floor dormer could be distinguished.

b. On July 30, 2017 during a meeting with Mr. Angersola, Rutka expressed his desire to repair the house and was denied that right. Also on October 23, 2017, when a marshal, acting on this pending case (nnicv17 50079205), challenging Mr. Angersola's demo order, served papers thus halting the demolition, but Mr. Rutka was ordered by Angersola not to enter the property.

c. The 8-foot fence was installed by the demo contractor and Mr. Rutka was billed and a lien was filed BY CITY on Mr. Rutka's property for around $9,000.00. The fence thereafter was removed BY DEMO. K and the house stood unprotected for many months until October, 2018 when the house was demolished. This act (no fence) disproves appellee public safety argument. Despite the pend 9-12-18 case not yet adjudicated by the Superior Court.

d. The demo contract on October 19, 2017 indicated the appellee city as owner. The order dated July 21, 2017 noted the building in "imminent danger of collapsing." Over the next 15 months from that order, that house had not moved an inch, thus disproving their claim of "imminent danger".

3-

D, CAUSE OF ACTION

JOHN RUTKA
26 Sugarloaf Ter.
Middlefield CT
AUG. 1. 2017

BUILDING OFFICIAL
DONALD Angersole
142 E. MAIN MERIDEN CT

AFTER MEET WITH you yesterday (7-31-17)
re: 11 Colony Place, Meriden Ct, I DISAGREE WITH
YOUR CONTENTION/ORDER, THAT MY HOUSE BE
DEMOLISHED, AND I DO HEREBY APPEAL UNDE
SEC. 29-266(b) or 29-266(c) MUNICIPAL APPEALS BOARD.

PIX TAKEN THE SAME DAY (7-31-17) OF THE
REAR SHOW THAT IT IS IN NO DANGER OF
IMMEDIATE COllapse.

IN FACT THE CONDITION OF THE REAR
FACADE IS COMPARABLE TO THE PIX TAKEN
BY THE CITY IN AUG. OF 2011 AFTER CITY PER-
FORMED "WORK"

PUBLIC SAFETY ISSUES CAN BE RESOLVED
W/o THE EXTREME ROUTE OF "DEMOLITION"

SIXTY years IN THE FIELD TELLS ME
STRUCTURE IS REPAIRABLE.

Sincerely



SIGNED! John Rutka. Sr.

2nd attempt

pg. 1 of 2

THE EXTREME REAR + REAR LEFT SIDE PORTION IS "CANTILEVER" TYPE FRAMING CONSTRUCTION WHICH MAKES IT VERY DISEPTIVE TO THE UNTRAINED EYE, AS TO WHAT VERTICAL POSTS OR STUDS ARE LOAD BEARING OR NOT. CLOSE/INSIDE INSPECTION IS CRITICAL!

I HAVE SPECIALIZED RECONSTRUCTION OF HOUSES FOR OVER 50 YEAR

SIGNED: John Rutha

pg 2 of 2

**D. CAUSE OF ACTION**

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** DEPRIVED OF CONSTITUTIONAL RIGHTS OF PERSON AND PROPERTY VIA ACTION, of ONE or MORE, BY EACH of ALL THREE DEFS.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

DEPRIVASION FIRST INITIATED BY ONE HOUSING INSPECTOR TOM KILROY WHO WAS CONSIDERED BY HIS ACTIONS IN PURCHASING CITY OWNED PROPERTY OBTAINED VIA TAX FORECLOSURES FOR A FRACTION OF THEIR APPRAISED VALUE, AS AN "UNCOUTH INSIDER" WHOM I PUBLICLY EXPOSED, IN SPITE OF THE FACT THAT I EXPECTED "RETALIATION." THUSLY THE "DUAL" COMPLAINT, WAS ADRESS TO HIM, ON JULY 19, 2017. ANGERSOLA WAS NEWLY HIRED BUILDING OFFICIAL, WITH NO PREVIOUS EXPERIENCE IN THAT CAPACITY. IT WAS KILROY, WHO I CAN PROVE, FILED A FALSE IF NOT FRAUDULENT AFFIDAVIT TO OBTAIN AN EX-PARTE WARRANT TO ENTER MY PROPERTY. HE HAD OFFERED TO BUY MY PROPERTY SEVERAL TIMES WHILE DOING A WALK BY INSPECTION. HE ALSO SOLICITED EVERY HOMEOWNER ON MY STREET TO FILE A COMPLAINT, TO NO AVAIL. HE FINALLY GOT A PARTIAL (DUAL) COMPLAINT FROM WILCOX ST. UNSIGNED FROM AN OCCUPANT RATHER THAN A HOMEOWNER, WHOSE MAIN CONCERN WAS THE STRONG, UNHEALTHY, ODOR EMMONATING FROM MY NEIGHBOR'S PROPERTY (#7 COLONY PL.), REPUTED REFERED TO AS "THE POULTRY FARM."

**Claim II:** I WAS DENIED MY RIGHT CONSTITUTIONALLY TO A FULL TRIAL AND ALSO STATUTORILY, SINCE I NEVER RECEIVED NOTICE, ; AS TO WHY I, P., DID NOT RECEIVE {JAN.9, 2020 / FEB. 14, 2020} COURT NOTICE & ORDER

Supporting Facts: I LIVE IN AN ELDERLY/DISABLED APARTMENT COMPLEX WITH 30 LOCKED MAIL BOXES & 30 OPEN SLOTS FOR "JUNK" MAIL. SEE PIX. THERE IS NOT A DAY GOES BY, INCLUDING TODAY, WHEN SOME TENANT GETS SOMEONE ELSES MAIL[3]. USUALLY THE LETTER GETS TO ITS PROPER DESTINATION. BUT TOO MANY TIMES IT DOES NOT, LIKE THIS INSTANCE. ESP. WHEN A 'SUBSTITUTE' MAIL PERSON IS COMMONLY USED. WHY IS NOT THE SUPERIOR COURT REQUIRED TO SEND SOMETHING AS IMPORTANT AS A "COURT ORDER" VIA CERTIFIED or REG. MAIL?

SEE ATTACHED PIX (3)

FRONT PORTION OF MAIL BOXES    ATTACH MENT -Pg. 1



FRONT PORTION
OF TENANTS' MAIL OPEN
BOXES USUALLY USED
FOR STAFF "MEMOS"
OR JUNK MAIL, BUT
OFTEN USED BY A TEN-
ANT WHO WOULD MIS-
TAKENLY RECEIVE FROM
A "SUBSTITUTE" MAILMAN,
SOME OTHER TENANT'S
MAIL.

LOCATION: FRONT OF
OFFICE @ #7 SUGARLOAF TER

← POSSIBLE/PROBABLE REASON THAT THE
"COURT NOTICE/ORDER" SENT BY REGULAR/OR
UN REGISTER MAIL NEVER, AT THE TIME 1st
SENT (1-09-2022), WAS NEVER RECEIVED
BY PLAINTIFF.
FIRST TIME THE P. BECAME AWARE OF
ORIGINAL ORDER WAS ON July 12, 2022, WHEN
A COPY OF IT WAS INCLUDED ALONG WITH
DEFENDENTS "MOTION TO DISMISS," (1½ YRS.
LATER.) - NOT THE FAULT OF P!



## E. REQUEST FOR RELIEF
WHEREFORE, plaintiff demands: (state the relief you seek) FOR

LOSS OF REAL ESTATE INCLUDING:
a. HOME AT 11 COLONY PL. AT R.E. TAX ASSESSMENT BEFORE
DEMO OR ANY OTHER WORK "PERFORMED" BY CITY.
b. LOSS OF 2 CAR GARAGE NIETHER "CONDEMED" OR PART OF DEMO K

c. PERSONAL PROPERTY INCLUDING:
3 CARS + TRUCKS, 2 TRAILERS CONFISCATED BY CITY.
PLUS CONTENTS OF SAME.
d. ALL OF WHICH VALUES TO BE DETERMINED AT THE

TIME OF CONFISCATION.

ANY COMPENSATORY OR PUNITIVE DAMAGES THAT THE
COURT SEEMS FIT.

## F. JURY DEMAND

Do you wish to have a jury trial?  Yes          (No)

_John Rutka_

**Original signature of attorney (if any)**      **Plaintiff's Original Signature**

_____

**Printed Name**

**Printed Name**
JOHN RUTKA
20 SUGARLOAF TER.
MIDDLEFIELD ct. 06481

(   )                                              (   ) 860-770-7680
**Attorney's full address and telephone**      **Plaintiff's full address and telephone**

**Email address if available**                **Email address if available**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __MIDDLEFIELD, CT.__ on __OCT 18, 2022__.
                    (location)                    (date)

_John Rutka_

**Plaintiff's Original Signature**

(Rev.3/29/16)

5