UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN RUTKA,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF MERIDEN, ET AL.,<br>    *Defendants*. | )     3:22-CV-1394 (SVN)<br>)<br>)<br>)<br>)<br>)<br>)      September 30, 2024<br>) |

**<u>RULING AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS</u>**

Sarala V. Nagala, United States District Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff John Rutka alleges violations of his constitutional rights by Defendants the City of Meriden; the Building Department of the City of Meriden; former City officials Don Angersola and Thomas Kilroy; and current City officials James Gagliardi and William Mathers. Defendants seek to dismiss all of Plaintiff's claims, on the grounds that this court lacks jurisdiction over this action and that Plaintiff has failed to state a claim. For the reasons described below, the Court agrees, in part, with Defendants. Counts One and Two of Plaintiff's Second Amended Complaint, alleging an unconstitutional taking and a denial of due process by the state courts, are dismissed, but Count Three, alleging a class-of-one equal protection claim, may proceed.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The allegations of a plaintiff's complaint are accepted as true for the purpose of assessing a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this instance, because Plaintiff's operative complaint—the Second Amended Complaint ("SAC"), ECF No. 19—incorporates his original complaint ("Compl."), *see id.* at 2, and the SAC does not itself contain necessary allegations, the Court has attempted to piece together the narrative of events from both

complaints.[1] The Court has also considered matters of public record, of which it can take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (recognizing that courts may "ordinarily examine . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in deciding a motion to dismiss); *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (recognizing that a court may take judicial notice of relevant matters of public record).

A. Prior Litigation

Plaintiff previously resided in a house at 11 Colony Place, Meriden, Connecticut ("Colony Place"). Compl., ECF No. 1, at 5. A brief history of the extensive state court litigation involving Plaintiff and Colony Place is necessary for resolving this case.

As far back as 2004, there has been friction between Plaintiff and the City of Meriden regarding building code violations at Colony Place and various liens and other actions the City has taken as a result. *See Rutka v. City of Meriden*, 145 Conn. App. 202, 204–06 (2013) (discussing the history of three property maintenance liens and one anti-blight lien placed on Colony Place by the City of Meriden).

On July 21, 2017, the City of Meriden issued an Emergency Measure Notice of Unsafe Structure/Demolition ("Demolition Notice") following an inspection of Colony Place by City Building Inspector Don Angersola. *See Rutka v. City of Meriden Building Dep't.*, NNI-CV-17-5007920-S, Entry No. 108.10 (Conn. Super. Ct. Aug. 22, 2018); Ex. to Defs.' Br, ECF No. 46 at 215–16. Plaintiff filed an administrative appeal to the Superior Court challenging the Demolition Notice. *See Rutka v. City of Meriden Building Dep't.*, NNI-CV-17-5007920-S, Entry No. 100.30

---

[1] Plaintiff was specifically reminded by this Court that amended complaints typically fully replace preceding complaints (*see* ECF Nos. 10, 13, 17). Nonetheless, consistent with the rule of reading *pro se* pleadings liberally, and because Plaintiff included the original complaint as an attachment to the SAC instead of simply citing to its original docket entry, the Court will consider the allegations therein.

2

(Conn. Super. Ct. Sept. 17, 2017); ECF No. 46 at 206, 208–209, 216. The Superior Court dismissed the action for lack of subject matter jurisdiction because Plaintiff had failed to first appeal to the relevant Codes and Standards Committee, as required by statute, and therefore had not exhausted his available administrative remedies. *Rutka v. City of Meriden Building Dep't.*, NNI-CV-17-5007920-S, Entry No. 108.10 (Conn. Super. Ct. Aug. 22, 2018); ECF No. 46 at 215–16.[2]

While Plaintiff's action challenging the Demolition Notice was pending, he separately filed an application for temporary injunction in Connecticut Superior Court on October 20, 2017, relating to the City's removal of his vehicles and personal property from Colony Place. *Rutka v. City of Meriden Building Dep't.*, NNI-CV-17-5008794-S, Entry No. 100.31 (Conn. Super. Ct. Oct. 20, 2017); ECF No. 46 at 200–01.

Then, on July 13, 2018, Plaintiff initiated yet another state court proceeding seeking discharge or reduction of a mechanic's lien placed on Colony Place. *Rutka v. City of Meriden*, NNI-CV-18-5010449-S, Entry No. 100.31 (Conn. Super. Ct. July 13, 2018).

On July 17, 2018, according to a property auction notice provided by Plaintiff, Colony Place was auctioned by the City of Meriden to satisfy delinquent taxes and charges. SAC at 27. The City of Meriden purchased the property for $24,181.22. *Id.*

On August 22, 2018, the Connecticut Superior Court denied Plaintiff's still-pending motion for a temporary injunction on the grounds that he failed to provide any evidence to support his request for an injunction, despite being given numerous opportunities to do so. *Rutka v. City*

---

[2] The City Defendants represent that the Connecticut Appellate Court dismissed Plaintiff's appeal of the Superior Court's dismissal and that this decision was contained in Exhibit L. *See* Defs.'s Br., ECF No. 45 at 7. The Court was unable to locate an Exhibit L in the filing provided by City Defendants at ECF No. 46. It has, however, located a copy of the Delinquency Order dismissing the appeal on the Appellate Court Docket. *See Rutka v. Angersola, et al.*, No. AC 42207, Delinquency Order (Conn. App. Ct. Oct. 7, 2019).

3

*of Meriden Building Dep't.*, NNI-CV-17-5008794-S, Entry No. 112.00 (Conn. Super. Ct. Aug. 22, 2018); ECF No. 46 at 203–04.  The court then entered judgment against Plaintiff.  *Rutka v. City of Meriden Building Dep't.*, NNI-CV-17-5008794-S, Entry No. 113.00 (Conn. Super. Ct. August 22, 2018).

On September 18, 2018, and October 3, 2018, the Colony Place home and garage, respectively, were demolished.  SAC at 4.  The City recorded a demolition lien certificate in the amount of $38,990.00 on November 1, 2018.  *Id.* at 28.

In 2022, the City moved to dismiss Case Number NNI-CV-18-5010449-S, arguing that Plaintiff did not have standing as he by that time no longer owned Colony Place and that Plaintiff had failed to prosecute the action.  *Rutka v. City of Meriden*, NNI-CV-18-5010449-S, Entry No. 108.00 (Conn. Super. Ct. July 12, 2022).  The Superior Court granted the motion to dismiss and entered a judgment of dismissal, on the grounds that Plaintiff had failed to comply with a January 9, 2020, order requiring Plaintiff to take one of several listed actions to avoid dismissal of the case.  *Rutka v. City of Meriden*, NNI-CV-18-5010449-S, Entry Nos. 108.10, 109.00 (Conn. Super. Ct. Aug. 29, 2022).  The Superior Court subsequently denied Plaintiff's motion for reconsideration of the dismissal order.  *Rutka v. City of Meriden*, NNI-CV-18-5010449-S, Entry No. 110.10 (Conn. Super. Ct. Aug. 29, 2022); ECF No. 1-1 at 1.

B.  The Present Action

Plaintiff filed the present federal action on November 1, 2022, under 42 U.S.C. § 1983, alleging violations of his constitutional rights by Defendants City of Meriden, the Building Department of the City of Meriden and Don Angersola, a building inspector for the City.  ECF No. 1.  Specifically, Plaintiff had alleged that he was deprived of his "constitutional rights of person and property via action of one or more, by each of all three" Defendants (Count One), and

that he had not received a full and fair trial because he did not receive the Superior Court's above-mentioned January 9, 2020, notice (Count Two). ECF No. 1 at 11. At the request of the Court, Magistrate Judge Garcia conducted an initial review of the complaint. Judge Garcia recommended dismissal of Count One of the complaint as barred by the applicable statute of limitations and dismissal of Count Two as it did not apply to any of the named Defendants. Recommended Ruling, ECF No. 7. Following the Recommended Ruling, Plaintiff filed a motion for leave to amend the complaint, which this Court granted. ECF No. 10. The Court noted deficiencies in Plaintiff's amended complaint and dismissed the case without prejudice after Plaintiff failed to cure these defects. *See* ECF No. 14. After filing a motion to reopen, Plaintiff filed the SAC, which is the operative complaint. ECF Nos. 15, 19.

Although it is difficult to decipher Plaintiff's particular claims, the Court interprets the SAC as alleging three claims. First, it alleges that the City of Meriden, Building Department of the City of Meriden, Don Angersola (former Building Inspector for the City of Meriden), and Thomas Kilroy (former Chief Housing Code Inspector for the City of Meriden) violated Plaintiff's constitutional rights in taking Colony Place and personal property therein through fraudulent and void means ("Count One").[3] *See* SAC at 2–4, 6. Nested within Count One is an allegation that Defendants demolished the property during the six-month redemption period after the tax sale, during which time Plaintiff could have regained title to the property had he paid the outstanding taxes and liens. *See* Conn. Gen. Stat. § 12-157(f).

---

[3] The SAC does not explicitly refer to its claims as Counts. To enhance clarity in this ruling, however, the Court will refer to Plaintiff's three claims as Counts One through Three.

Second, Plaintiff alleges that he has not been afforded a full and fair opportunity to be heard on the merits in State Court ("Count Two").[4]  *See* SAC at 6–7, 13.

Third, Plaintiff alleges infringement of an alleged constitutional right to work on his home without undue government interference or discrimination ("Count Three").[5]  *See id.* at 6, 24–25.

Plaintiff requests compensatory and punitive damages.  *Id.* at 9.

Defendants Angersola and Kilroy were both sued in their individual and official capacities. *Id.* at 2.  Because both of these Defendants were former city officials, they were "automatically substituted" by successors in their respective offices, James Gagliardi for Don Angersola and William Mathers for Thomas Kilroy, insofar as Plaintiff sued the former officials in their official capacities.  *See* ECF Nos. 42, 51, 60.

All Defendants have moved to dismiss on the same grounds:  that this Court lacks jurisdiction over this case and that the SAC fails to state a claim.  *See* ECF Nos. 43 (City of Meriden and City of Meriden Building Department), 64 (Angersola and Kilroy), and 74 (Gagliardi and Mathers).  Plaintiff has filed oppositions to the first two motions to dismiss, but not the third, despite the deadline for such filing passing.  *See* ECF No. 74.  The Court will not, however, consider Defendants Gagliardi and Mathers's motion to dismiss unopposed; because their motion to dismiss is substantially similar to the other two motions to dismiss, the Court will apply Plaintiff's objections to the first two motions to dismiss to the third, as well.

---

[4] The Court reads this Count both in a general sense—that Plaintiff argues he was not afforded a full and fair opportunity to be heard on the merits in state court—but also in the more specific sense relating to Plaintiff's allegations that a constitutional deficiency in the state court proceeding was its alleged failure to provide him notice through the mail of the Superior Court's July 9, 2020, order.  *See* SAC at 6–7, 13.
[5] The Court reads Plaintiff's discrimination claim, SAC at 6, in conjunction with factual allegations of the City enforcing building code violations against Plaintiff, but not against neighboring properties, SAC at 24–25.

6

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction.  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well–pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief*." Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*,

7

550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that Courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

The Court holds Count Two is dismissed for lack of jurisdiction and Count One is dismissed because it is barred by the statute of limitations and fails to state a claim. For the reasons described below, Count Three may proceed.

#### A. Subject Mater Jurisdiction

The Court begins by considering Defendants' arguments that the Court does not have jurisdiction over Plaintiff's claims. The Court concludes that Count Two is barred by the *Rooker-Feldman* doctrine, but that Counts One and Three are not.

##### 1. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine is named after two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine provides that federal district courts lack subject matter jurisdiction over suits that are "in substance, appeals from state-court judgments." *Edwards v.*

*McMillen Cap., LLC,* 952 F.3d 32, 35 (2d Cir. 2020) (quoting *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018)). More specifically, *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). The Second Circuit has articulated four requirements that must be met for *Rooker-Feldman* to apply: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Dorce,* 2 F.4th at 101.

The second requirement—that the plaintiff complains of injuries caused by a state court judgment—is "the core requirement from which the others derive." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005). Often the pivotal factor, "focusing on it helps clarify when the doctrine applies." *Id.* While it is true that sometimes "federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments," the guiding formula is: "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Sung Cho*, 910 F.3d at 646 (quoting *Hoblock*, 422 F.3d at 88). In other words, "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Hoblock*, 422 F.3d at 88. A complaint of a preexisting harm that was simply affirmed or left unpunished by a state court judgment will not suffice.

9

With this framework in mind, the Court proceeds to examine the counts of Plaintiff's SAC in turn, to determine whether any are barred by the *Rooker-Feldman* doctrine.

### a. Count One

Count One, which concerns the taking of Colony Place and Plaintiff's associated personal property, is not barred by the *Rooker-Feldman* doctrine because Plaintiff does not complain of injuries caused by a state court judgment. Upon review of the relevant state court litigation in light of Plaintiff's claims, it is clear that the taking Plaintiff alleges is attributable (if at all) to the parties he sued, not a state court.

The most relevant state court action is Plaintiff's action seeking a temporary injunction relating to the City's removal of his vehicles and personal property from Colony Place, which the Superior Court ultimately denied. *Rutka v. City of Meriden Building Dep't.*, NNI-CV-17-5008794-S, Entry No. 112.00 (Conn. Super. Ct. Aug. 22, 2018); ECF No. 46 at 203–04. The underlying harm Plaintiff alleges—a taking—was not *caused* by the Superior Court's decision that issuance of an injunction was unwarranted; it was caused by the alleged actions of the City. *See Dorce*, 2 F.4th at 106 (holding that plaintiffs' alleged injury was not caused by the state court judgment, because the city had decided to target plaintiffs' property for taking prior to any state court proceeding). While the Superior Court disagreed with Plaintiff's request for an injunction and let the City's actions stand, its decision did not cause the harm that Plaintiff alleges here; the City's actions did. *See Hoblock*, 422 F.3d at 87–88 (providing example that state-court loser plaintiff's subsequent federal employment discrimination suit would not be barred by *Rooker-*

*Feldman* if injury alleged was the employer's discrimination, rather than the state court adverse judgment).

The analysis is the same with Plaintiff's other state court actions involving applications for discharge or reduction in liens and the administrative appeal of the Demolition Notice.  It is true that Plaintiff in a general sense was harmed by state courts rejecting his claims in that Plaintiff did not receive the relief he sought.  But *Rooker-Feldman* jurisprudence homes in on causation in a more specific sense.  Here, the alleged taking—not the state court decisions—is the cause of the harm Plaintiff alleges.  Defendants' arguments to the contrary are made at too high a level of generality, not only lumping together all of Plaintiff's claims but also focusing on causation only in the general sense that the litigation here *generally* involves the same subject matter as in state court and was *generally* not resolved in Plaintiff's favor.  *See* Defs.' Br., ECF No. 45 at 12–13.  *Rooker-Feldman* jurisprudence requires more scrutiny of exactly how the alleged harm relates to the state court litigation, which Defendants have not endeavored to analyze.

b.  Count Two

Count Two, however, is barred by the *Rooker-Feldman* doctrine.  In this Count, Plaintiff claims that he has not been afforded a full and fair opportunity to be heard on the merits in state court, citing to "Rutka v. Meriden, Conn. Cases," which this Court interprets to include all above-described litigation involving Plaintiff and the City of Meriden.  *See* SAC at 6–7.  Here, Plaintiff is effectively seeking review of state court judgments that allegedly directly caused him injury—the deprivation of the right to be heard in accordance with due process of law—and that were entered before this proceeding began.  Indeed, "in order to prevail [on Count Two], Plaintiff[] would need to persuade the district court that the state court had erred." *Dorce*, 2 F.4th at 105.

11

Count Two fits squarely within the *Rooker-Feldman* doctrine; it is the very second take at state court judgments with which *Rooker-Feldman* is most concerned.

Plaintiff's sole argument against the application of the *Rooker-Feldman* doctrine is to no avail. In arguing that some of his state court cases "have not yet been adjudicated fully," not only does Plaintiff fail to identify a single active state court case, but he also fails to address how the cases discussed above that have reached final judgment should be analyzed under the *Rooker-Feldman* doctrine. *See* Pl.'s Br., ECF No. 59 at 1. Accordingly, this Court lacks jurisdiction over Count Two.[6]

c. Count Three

In Count Three, Plaintiff claims infringement on his constitutional right to work on his home without undue government interference or discrimination. SAC at 6, 24–25. This claim appears to relate to Plaintiff's allegation that Defendants enforced local building codes against him but did not enforce code violations by owners of neighboring homes. *See id.* Defendants do not identify a specific state court judgment that would be the basis for applying *Rooker-Feldman* with respect to this claim. As a result, as with Count One, the Court cannot identify a harm caused by a state court judgment that the present suit alleges. Accordingly, *Rooker-Feldman* is not a bar to Count Three.

2. *Standing*

In addition to their *Rooker-Feldman* argument, Defendants argue that Plaintiff does not have standing to bring the present suit because he is no longer the owner of Colony Place. Defs.' Brs., ECF Nos. 45 at 16; 66 at 9; 76 at 7. To the contrary, standing requires injury-in-fact, which

---

[6] In addition to jurisdictional arguments, Defendants argue that Plaintiff's claim in Count Two fails to state a claim because it complains of harm caused by state courts and not by named Defendants. *See* Defs.' Br., ECF No. 45 at 13–14. Without jurisdiction over Count Two, the Court declines to address this argument.

can include past injury. To establish standing to bring suit, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). Here Plaintiff alleges injury—purported deprivations of his property and constitutional rights—that are concrete, particularized, and actual, caused by Defendants, that he requests be redressed by this Court. Simply because Plaintiff no longer owns the property does not mean that he cannot raise issues about the constitutionality of the taking of that property in the past. Accordingly, Plaintiff has standing to bring his claims.

In sum, Count Two is dismissed for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Because the Court concluded that it does not have jurisdiction over Count Two, the Court will only assess whether Counts One and Three state a claim. It concludes that Count One must be dismissed, but Count Three may proceed.

#### 1. *Res Judicata*

First, while the Court holds that Count Three is not barred by *res judicata*, it declines to reach the issue of whether Count One is. Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) (citation omitted). The doctrine "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.*

Defendants provide little in-depth analysis of these requirements, simply arguing that Plaintiff has brought six prior state cases that "all challenge the validity of the liens placed upon the subject property and seek a reversal of the process which resulted in the City's ownership." ECF No. 45 at 14. This cursory argument ignores that the claims of the prior state suits were substantively different from what Plaintiff alleges here. In this action, Count One alleges an unconstitutional taking and Count Three alleges, as the Court explains below, a class-of-one equal protection violation. Based on the Court's review, none of Plaintiff's prior state court litigation asserted either of these two causes of action.

The Court recognizes that claims need not be identical to be considered the same claim for preclusion purposes. Even claims based on different legal theories may be barred by *res judicata* if they "arise from the same transaction or occurrence." *Cho*, 991 F.3d at 168 (internal quotation marks and citation omitted). Further, res judicata "applies to issues that were not raised in the prior action, if they could have been raised in that action, and applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Id.* (cleaned up).

For the reasons discussed below, Count One fails to state a claim. Accordingly, this Court declines to reach the issue of whether it is barred by res judicata.

Count Three as pleaded arose out of a different transaction or occurrence than the state court litigation did in that it relates to the unequal enforcement of building codes between Plaintiff and his neighbors, which is distinguishable from the request for an injunction relating to the taking of personal property or the applications for reductions in liens that Plaintiff pursued in Connecticut Superior Court. Moreover, it is unclear from the terms of the amended complaint when Plaintiff knew or should have known about his equal protection claim such that this Court cannot now

14

determine that the claim in Count Three "could have been raised" in the state court actions. Count Three is therefore not barred by *res judicata*.

### 2. *Statute of Limitations*

The Court next holds that Count One is barred by the statute of limitations, but Count Three is not.

Plaintiff brings his claims under 42 U.S.C. § 1983. SAC at 3. The statute of limitations for Section 1983 actions in Connecticut is governed by Conn. Gen. Stat. § 52-577, which requires such claims be brought within three years of the date on which the claim accrues. *See Harnage v. Torres,* 665 F. App'x 82, 83 (2d Cir. 2016) (summary order) ("Section 1983 actions arising in Connecticut, like this one, are governed by the three-year limitations period set forth in Conn. Gen. Stat. § 52-577.") (citing *Lounsbury v. Jeffries*, 25 F.3d 131, 132–134 (2d Cir. 1994)). A claim accrues—that is, the three-year window in which to bring a claim begins—"once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (citation omitted) (cleaned up).

#### a. Count One

In Count One, Plaintiff alleges Defendants wrongfully took his property. The City conducted a tax sale of Colony Place on July 17, 2018, the house was demolished on September 28, 2018, and the garage was demolished on October 3, 2018. SAC at 4, 27. Count One then, would have accrued no later than October 3, 2018.[7] Plaintiff did not file this case until November 1, 2022, more than three years after the latest date on which his claim in Count One would have accrued.

---

[7] The Court concludes that the January 2019 redemption date would not be an appropriate date for the accrual for the statute of limitations. While title may transfer after the redemption period, *see* Conn. Gen. Stat. § 12-157(f), Plaintiff would have known or have reason to know of the injury that underlies this action no later than October 3, 2018.

15

The analysis, however, does not stop there. Plaintiff suggests that an executive order issued by the Connecticut Governor during the COVID-19 pandemic tolled the statute of limitations for Plaintiff's claims. It is true that Executive Order 7G, in conjunction with an extension in Executive Order 10A, resulted in the tolling of statutes of limitations in Connecticut from March 19, 2020, to March 1, 2021. *See* Executive Order No. 7G[8]; Executive Order No. 10A.[9] Indeed, a court in this district has held that these very executive orders tolled the statute of limitations of a Section 1983 claim brought in this district. *Connelly v. Komm*, No. 20-CV-1060 (JCH), 2021 WL 5359738, at *3 (D. Conn. Nov. 16, 2021). As the *Connelly* court pointed out, courts in this circuit have found that similar executive orders issued during the COVID-19 pandemic also tolled state statutes of limitations. *See id.* at *4 (collecting cases).

However, even if the Executive Orders did in fact toll the three-year statute of limitations, Count One is still not timely. In other words, even accounting for the March 19, 2020, to March 1, 2021, pause to the ticking of the statute of limitation's clock, the gap between October 3, 2018, and November 1, 2022, is still greater than three years. There elapsed 533 days (1 year, 5 months, and 16 days) between October 3, 2018, and March 19, 2020, and 610 days (1 year and 8 months) between March 1, 2021, and November 1, 2022. To be timely, the suit was required to have been brought within 1,095 days (365 x 3) of accrual of the claim; here, 1,143 days elapsed.

Plaintiff's argument that there is no statute of limitations in this case because the process and procedures used by the City of Meriden were "fraudulent" and "void" is without merit. *See* SAC at 4, 7. It is possible that a court may choose to equitably toll the statute of limitations in a case if a defendant engaged in conduct, potentially fraudulent, to conceal the *existence* of a

---

[8] Available at https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7G.pdf (last visited September 26, 2024).
[9] Available at https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-10A.pdf (last visited September 26, 2024).

plaintiff's cause of action. *See Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004). But here, Plaintiff alleges fraud in the conduct of Defendants with respect to the taking of his property—not fraud that kept him from discovering the alleged injury. *See* SAC at 4, 7. Thus, the Court will not toll the statute of limitations in response to these arguments. Accordingly, Count One is barred by the statute of limitations and must be dismissed.

b. Count Three

In Count Three, Plaintiff alleges that Defendants enforced building code violations against him, but not against his neighbors. *Id.* at 24–26. He does not, however, include any allegations relating to the timing of when he discovered that he was being "targeted" by Defendants. Nor have Defendants provided any information as to when this claim accrued. Therefore, the Court holds that Count Three is not barred, on the face of the complaint, by the statute of limitations.

*2. Insufficiency of Factual Allegations*

Separately, Count One fails to state a claim upon which relief can be granted. Count Three, on the other hand, can proceed.

a. Count One

Count One must be dismissed for the additional reason that there are not sufficient factual allegations to support a claim of an unconstitutional taking. The Fifth Amendment's Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const., Amend. V. This protection applies to the States through the Fourteenth Amendment. *See 1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F.3d 252, 261 (2d Cir. 2014). Plaintiff does not allege that his property was taken without just compensation and otherwise provides no specific allegations as to how the process by which his property was taken violated his constitutional rights. Plaintiff generally alleges fraud and claims that the actions of

the City and its officials are void. But such bald assertions are not sufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555.

### b. Count Three

On the other hand, Count Three, when interpreted liberally because Plaintiff is proceeding *pro se*, adequately alleges a class-of-one equal protection claim.

To begin, the Court rejects Defendants' characterization of Count Three as asserting a claim for discriminatory housing practices under Conn. Gen. Stat. § 46a-64c. That statute is primarily directed at sellers of property and landlords, who are prohibited from discriminating against a potential buyer or tenant because of that person's "race, creed, color, national origin, ancestry, sex, gender identity or expression, marital status, age, lawful source of income, familial status, status as a veteran or status as a victim of domestic violence," or because of the person's disabilities, *see id.* § 46a-64c(a). Defendants claim that Plaintiff cannot proceed with a claim under § 46a-64c because he failed to exhaust administrative remedies, as required under that statute. But Defendants' criticism is misplaced: there are no allegations in Plaintiff's complaints suggesting that he is alleging that Defendants were sellers of a property or landlords who discriminated against him on the basis of a protected characteristic. Section 46a-64c is plainly inapposite, and Defendants' argument that Plaintiff failed to exhaust administrative remedies with respect to such a claim is therefore rejected.[10]

Rather, a more reasonable interpretation of Count Three is that Plaintiff is alleging a class-of-one equal protection claim. Such a claim arises where a plaintiff is "intentionally treated

---

[10] Likewise, the Court does not interpret Plaintiff as bringing a selective enforcement equal protection claim, as such a claim would require allegations that the selective treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Miner v. Clinton Cnty., N.Y.*, 541 F.3d 464, 474 (2d Cir. 2008) (citation omitted). Plaintiff makes no allegation of race- or religion-based discrimination, and his allegations do not plausibly allege the other types of conduct that might form the basis of a selective enforcement claim.

differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Fortress Bible Church v. Feiner*, 694 F.3d 208, 222 (2d Cir. 2012) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*)).  A class-of-one plaintiff must identify "at least one comparator with whom the plaintiff shares 'an extremely high degree of similarity' sufficient to 'provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Gray v. Town of Easton*, 115 F. Supp. 3d 312, 316–17 (D. Conn. 2015) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).  Specifically, a  successful claim must show "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu v. City of New York*, 927 F.3d 81, 94 (2d Cir. 2019).

Defendants have not addressed whether Plaintiff has sufficiently stated a class-of-one equal protection claim.  That alone would justify allowing such a claim to proceed.  In addition, interpreting the SAC's allegations liberally, the Court finds that Plaintiff has plausibly alleged that Defendants treated him differently than a similarly-situated neighbor who also had a collapsed garage and that they "targeted" Plaintiff without any legitimate reason for doing so.  SAC at 24–25.  Claim Three, therefore, is not dismissed and will be allowed to proceed.  As Defendants have not briefed the issue of whether Count Three pertains to only a subset of Defendants, it shall be allowed to proceed against all Defendants at this time.  Defendants remain free to challenge Count Three in a timely motion for summary judgment.

## IV.  CONCLUSION

For the reasons described above, Defendants' motions to dismiss Plaintiff's Second Amended Complaint, ECF Nos. 43, 64, and 74, are GRANTED IN PART and DENIED IN PART. Count One is dismissed with prejudice. Count Two is dismissed without prejudice, as dismissals for lack of subject matter jurisdiction must be without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017). Count Three is not dismissed and may proceed.

**SO ORDERED** at Hartford, Connecticut, this 30th day of September, 2024.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE